IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRY BENDER,

          Petitioner,

v.                                                Civil Action No. 5:14CV35
                                                                  (STAMP)
ANNE CARTER, Warden,

          Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

     On March 17, 2014, Terry Bender ("Bender") filed a pro se[1]

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petitioner challenges the validity of a sentence imposed upon

him in the United States District Court for the Northern District

of Ohio because he claims that he is actually innocent of money

laundering.  On June 11, 1993, the petitioner pled guilty pursuant

to a written plea agreement to Count One, conspiracy to possess and

distribute cocaine; Count Three, felon in possession of a firearm;

and Count Eight, money laundering, of a nine-count superseding

indictment entered against him by a federal grand jury.  Following

his plea, the petitioner moved to vacate his guilty plea, which

motion was denied by the trial court following an evidentiary

_____

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1416 (10th ed. 2014).

hearing.  On August 10, 1993, the petitioner was sentenced to a total of 360 months incarceration[2] to be followed by five years of supervised release, a $25,000.00 fine, and a total special assessment of $150.00 on the three counts.

Following his sentencing, the defendant appealed, and his conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit on November 7, 1994.[3]  Thereafter, the petitioner began to file numerous post-conviction challenges to his conviction and sentence on a number of grounds.  As a result of this multitude of filings, the sentencing court declared the petitioner a "vexatious litigant" in 2006.  When the petitioner was transferred to his current place of incarceration, FCI Morgantown, he filed a § 2241 petition at another point of holding court in this district, challenging his conviction and sentence.  That petition was dismissed as not cognizable under § 2241.  See Bender v. Ziegler, No. 1:10cv78, 2010 WL 3835600 (N.D. W. Va. Sept. 28, 2010) (Keeley).  The petitioner then filed a petition under § 2241 at this point of holding court, again challenging his conviction and sentence.  After a report and recommendation was entered by the

---

[2]The petitioner received a sentence of 360 months on Count One; 27 months on Count Three; and 121 months on Count Eight, to be served concurrently.

[3]This Court notes, as did the magistrate judge in his report and recommendation, that in his plea agreement, the petitioner waived his right to appeal or file any post-conviction writs of habeas corpus pertaining to his prosecution, including probable cause determinations.

magistrate judge, this Court affirmed the report and recommendation by the magistrate judge and adopted it in its entirety, denying and dismissing with prejudice the petitioner's § 2241 petition. <u>Bender v. Carter</u>, No. 5:12cv165.

The petitioner has now filed a third § 2241 petition in this district. The petition was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Trumble entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that § 2241 relief was unavailable through the savings clause of 18 U.S.C. § 2255 because the petitioner cannot satisfy the <u>Jones</u> test and, therefore, is not entitled to the savings clause. <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000). The petitioner timely filed objections.

## II.  <u>Facts</u>

In his current petition, the petitioner argues that he is actually innocent of money laundering, a violation of 18 U.S.C. § 1956(a)(1), pursuant to the United States Supreme Court's interpretation of the terms "proceeds" as "gross receipts" in <u>United States v. Santos</u>, 553 U.S. 507 (2008). The petitioner contends that this case is applicable to him because his prior § 2255 claim was completed in 1999 and thus, <u>Santos</u> could not have been applied and he did not discover it was retroactive until

January 2014. Further, the petitioner asserts that he had filed a complaint with the Clients' Security Fund of the Supreme Court of Ohio which found that his underlying state court counsel failed to properly argue the motion to vacate his plea and that such action constituted malpractice. Thus, the petitioner argues that he is actually innocent of money laundering.

The government argues that the petitioner's § 2241 motion should be dismissed because the petitioner (1) did not obtain leave of court to file, (2) has filed a § 2255 petition and does not qualify under the § 2241 savings clause, and (3) has not exhausted his available administrative remedies. The petitioner responded that the government has conceded the applicability of Santos by not denying his claims. Further, the petitioner notes that this Court has previously adjudicated one of his § 2241 petitions despite his pre-filing injunction in the Northern District of Ohio. Finally, he contends that exhaustion of his administrative remedies would be futile because the Bureau of Prisons does not have the authority to vacate his conviction.

The petitioner also made a motion for release from custody in his response to the government based on his arguments for vacating his sentence. Further, the petitioner has made a motion for bond and/or immediate release because he asserts he is being held in violation of his constitutional rights.

In his report and recommendation, the magistrate judge first finds that the petitioner was not required to exhaust his administrative remedies because he is not seeking relief which the Bureau of Prisons could provide. Further, the magistrate judge noted that exhaustion is not mandated by statute for a § 2241 invoking the savings clause. Finally, the magistrate judge found that even if exhaustion applies, it should be waived at this point in the action. Next, the magistrate judge found that the pre-filing injunction is likely not applicable in this district court as the magistrate judge has found no authority to support such a finding. Further, the magistrate judge found that the Northern District of Ohio did not follow the procedure that has been set out by the United States Court of Appeals for the Fourth Circuit and thus, the pre-filing injunction is improper in this circuit.

The magistrate judge then went on to find that the petitioner could not satisfy the requirements of <u>Jones</u> because money laundering remains a criminal offense. Additionally, the magistrate judge found that <u>Santos</u> is not applicable because in this action, there are no implications of a merger issue between the petitioner's conspiracy charge and his money laundering charge (whereas <u>Santos</u> had an issue of merger with an illegal lottery charge and money laundering charge). Further, the magistrate judge noted that the petitioner was facing a maximum sentence for the conspiracy charge that was greater than the maximum sentence for

money laundering. As to the malpractice claim, the magistrate judge noted that an action to vacate a criminal judgment based on ineffective assistance is not the same as a cause of action for legal malpractice and proving one does not prove the other. Further, the magistrate judge found that the petitioner ultimately fails because he has not shown that the <u>Jones</u> standard has been met. The magistrate judge then denied the petitioner's other pending motions as moot.

The petitioner reiterates his argument that <u>Santos</u> supports his § 2241 claim and that the conspiracy and money laundering charges merge because they are based out of the same criminal conduct, the petitioner's distribution of crack cocaine. Further, the petitioner argues that because he was assessed a separate assessment fee for each count of conviction, the magistrate judge was incorrect in finding that the difference in the maximum sentence made <u>Santos</u> inapplicable. Finally, the petitioner contends that this Court must consider the malpractice decision of the Ohio Supreme Court as having a preclusive effect and thus must apply it to find that the underlying conviction should be vacated.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

III.  <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made.  As to those findings to which objections were not filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

IV.  <u>Discussion</u>

A.  <u>Exhaustion of Administrative Remedies and Pre-filing Injunction</u>

As there were no objections made to the magistrate judge's findings as to exhaustion of administrative remedies and the application of the pre-filing injunction, this Court must uphold those findings unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  This Court finds that the magistrate judge correctly found the requirement to exhaust administrative remedies would likely not apply in this action or, in the alternative, that such a requirement should be waived given that this matter was ripe for review.  Further, this Court finds that the magistrate judge's finding that the pre-filing injunction that is in place in the Northern District of Ohio would not apply

7

in this case was not clearly erroneous or contrary to law as the pre-filing injunction was not entered based on the requirements that must be met in this Circuit.

B.    Application of *Jones* and *Santos*

1.    *Jones*

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. However, the "savings clause" in § 2255 permits certain claims to be brought under § 2241.  The magistrate judge reported that the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy.  A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against

8

successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by <u>Jones</u>. The magistrate judge correctly found that the second element of <u>Jones</u> cannot be met by the petitioner as money laundering remains a criminal offense. 18 U.S.C. § 1956(a)(1). Thus, a § 2255 petition is neither inadequate nor ineffective to test the legality of the petitioner's money laundering conviction and the petitioner cannot raise his claims through a § 2241 petition.

2. *Santos*

Further, even if the petitioner had correctly brought his claims under a § 2241 petition, his arguments as to the applicability of <u>Santos</u> are without merit. In <u>Santos</u>, the Supreme Court dealt with a defendant's convictions for operating an illegal

lottery and for money laundering.  <u>Santos</u>, 553 U.S. at 516.

Because the defendant had been convicted of both operating an

illegal lottery and for money laundering, a merger issue was

created where the money laundering statute could be used to

increase the sentence for a crime such as running an illegal

lottery.  <u>Id.</u> at 516-17.  The issue of merger arose because of the

term "proceeds" in the money laundering statute and a question as

to whether is should be limited to proof of "profits" rather than

"receipt" of certain unlawful activities.  <u>Id.</u>

The petitioner argues that the same type of merger has

occurred in this action and thus, he is actually innocent of the

crime of money laundering.  However, the reasoning is inapplicable

to the petitioner's case.  As the magistrate judge found, the

elements of conspiracy to possess and distribute cocaine, in

violation of 21 U.S.C. § 841(a)(1),[4] and money laundering[5] do not

overlap.  The distribution charge does not require the existence of

---

[4]In order to prove beyond a reasonable doubt that a defendant
was involved in a drug conspiracy, the government must prove that
(1) there was an agreement between two or more persons to engage in
conduct that violates a federal drug law; (2) the defendant had
knowledge of the conspiracy; and (3) the defendant's participation
in the conspiracy was voluntary.  <u>United States v. Wilson</u>, 135 F.3d
291, 306 (4th Cir. 1998).

[5]The applicable money laundering statute holds that: Whoever,
knowing that the property involved in a financial transaction
represents the proceeds of some form of unlawful activity, conducts
or attempts to conduct such a financial transaction which in fact
involves the proceeds of specified unlawful activity . . . shall be
sentenced to a fine . . . or imprisonment for not more than twenty
years, or both.  18 U.S.C. § 1956(a)(1)(A)(i).

a financial transaction. Thus, the activities underlying the conspiracy conviction do not necessarily violate the money laundering statute, even with the application of <u>Santos</u>. Finally, unlike the defendant in <u>Santos</u> who was facing a higher maximum sentence for the money laundering charge, the petitioner was facing a higher maximum sentence of life pursuant to the drug conspiracy statute at the time of his sentence whereas he was facing a lower, 20 year maximum sentence for the money laundering charge. As such, the risk of an increased sentence that was faced by the defendant in <u>Santos</u> was not present in the petitioner's case.

C.    <u>Attorney Malpractice</u>

The magistrate judge found that the petitioner had not established ineffective assistance of counsel by raising the finding of the Ohio Supreme Court of attorney malpractice. In his objections, the petitioner contends that this Court must give preclusive effect to the state court's finding and thus overturn his sentence. Further, the petitioner argues that <u>Jones</u> is not applicable because its application is foreclosed by the preclusive effect of the Ohio Supreme Court's ruling.

This Court finds that the petitioner has not established a claim for ineffective assistance of counsel as a finding of legal malpractice does not establish a basis for ineffective assistance of counsel. <u>Krahn v. Kinney</u>, 538 N.E.2d 1058, 1062 (1989) ("An action to vacate a criminal judgment based on ineffective

11

assistance of counsel is not the same as a cause of action for legal malpractice. A claim of ineffective assistance of counsel is based on constitutional guarantees and seeks reversal of a criminal conviction. Legal malpractice is a common-law action, grounded in tort, which seeks monetary damages. The proof of either of these two causes of action does not necessarily establish the other."). Without more than the petitioner's blanket claim that he is entitled to relief because of the malpractice finding, this Court cannot find that the petitioner has proven the elements for a claim of ineffective assistance of counsel. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (To establish a right to an amended sentence or new trial based upon ineffective assistance of counsel a defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). Furthermore, the petitioner has had many chances to raise such a claim on direct appeal and through collateral appeals and has not done so. Finally, despite the petitioner's objections, <u>Jones</u> is applicable as the petitioner has raised this claim through a § 2241 petition and has failed to establish the second requirement of <u>Jones</u>. Accordingly, the petition must be denied.

D.  Other Motions

Because the underlying petition has been denied by this Court, the petitioner's other motions, motion for immediate release and motion for bond and/or immediate release, are denied as moot.

V.  Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's objections are hereby OVERRULED.  Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.  Further, the respondent's motion to dismiss (ECF No. 10) is GRANTED.  Finally, petitioner's motion for immediate release (ECF No. 15) and motion for bond and/or immediate release (ECF No. 17) are DENIED AS MOOT.

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to

counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   December 2, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE